Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ELLEN ANNETTE GOLD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ELLEN ANNETTE GOLD,

        Plaintiff,

v.

LEGAL RECOVERY LAW OFFICES, INC., a California corporation,

        Defendant.

Case No.  CV12-02224 PSG

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, ELLEN ANNETTE GOLD (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

      b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

      c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

      d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

      e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] Cal. Civil Code § 1788.1(a)(1).

5. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

8. Plaintiff, ELLEN ANNETTE GOLD (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "LAW OFFICES"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. LAW OFFICES may be served at the address of its Agent for Service of Process at: Legal Recovery Law Offices, Inc., c/o Richard Sitter, Agent for Service, 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. The principal business of LAW OFFICES is the collection of debts using the mails and telephone, and LAW OFFICES regularly attempts to collect debts alleged to be due

another. LAW OFFICES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Capital One Bank (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to LAW OFFICES for collection from Plaintiff.

12. On or about May 6, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

> Zero one. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing phone call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

13. On or about May 12, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

> Zero one. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing phone call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

14. On or about May 17, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

... not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

15. On or about May 19, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

... hundred-785-4001. If you are not this person, please press the "2" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

16. On or about May 24, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

... not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

17. On or about June 7, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

... not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

18. On or about June 7, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

... not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call

for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

19. On or about July 7, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

> . . . not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

20. On or about July 12, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

> . . . not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

21. On or about July 14, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

> . . . hundred-785-4001. If you are not this person, please press the "2" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

22. On or about July 19, 2011, LAW OFFICES recorded the following automated message on Plaintiff's answering machine:

> . . . not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now. This is an important call for Ellen Gold. This is not a sales or marketing call. If you are Ellen Gold, press the "1" key now or contact us at 1-800-785-4001. If you are

not this person, please press the "2" key now. If you would like to be connected to an operator, press the "3" key now.

23. LAW OFFICES' answering machine messages were each a "communication" in an attempt to collect a consumer debt as that term is defined by 15 U.S.C. § 1692a(2).

24. LAW OFFICES failed to disclose its identity and the nature of its business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

25. LAW OFFICES failed to disclose that its answering machine messages were each a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

26. Plaintiff is informed and believes, and thereon alleges, that Defendant has placed automated answering messages as described herein to more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

28. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

30. Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the

FDCPA, 15 U.S.C. § 1692a(6).

31. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

32. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose its identity and the nature of its business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6); and

    b. Defendant failed to disclose that its answering machine messages were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

33. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

36. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

37. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

38. Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as

that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

40. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose its identity and the nature of its business in the answering machine messages, in violation of Cal. Civil Code §§ 1788.11(b) and 1788.17;[2] and

    b. Defendant failed to disclose that its answering machine messages were from a debt collector, in violation of Cal. Civil Code § 1788.17.[3]

41. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

42. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

43. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[4]

44. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

45. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

---

[2] 15 U.S.C. § 1692d(6).
[3] 15 U.S.C. § 1692e(11).
[4] 15 U.S.C.§ 1692k(a)(2)(A).
[5] 15 U.S.C.§ 1692k(a)(3).

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a.    Assume jurisdiction in this proceeding;

    b.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

    c.    Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[6]

    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17;[7] and

    h.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
      Fred W. Schwinn, Esq.
      Attorney for Plaintiff
      ELLEN ANNETTE GOLD

---

[6] 15 U.S.C. § 1692k(a)(2)(A).
[7] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ELLEN ANNETTE GOLD, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.